IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

H. TRAVIS REGENSBERG,

Plaintiff,

v. Case No. 1:26-cv-00319-LF-JMR

NEW MEXICO LIVESTOCK BOARD
et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND REMANDING THIS MATTER TO STATE COURT**

THIS MATTER is before the Court on plaintiff H. Travis Regensberg's Motion for Leave to Amend Complaint and Memorandum of Points and Authorities in Support (Doc. 20), filed September 22, 2026. Defendants New Mexico Livestock Board ("NMLB"), Matthew K. Romero, and Darron "Shawn" Davis filed a response in opposition on October 6, 2026. Doc. 21. Mr. Regensberg filed a reply in support of his motion on October 20, 2026. Doc. 22 Having reviewed the parties' briefing, the law, and otherwise being fully advised, the Court DENIES the motion and REMANDS this case to the Fourth Judicial District Court, County of San Miguel, State of New Mexico.

**BACKGROUND**

On November 2, 2025, Mr. Regensberg filed a complaint against Defendants in New Mexico state court that raised several state claims and one federal claim: a conspiracy to violate rights under 42 U.S.C. § 1983. Doc. 1-1 at 1, 20–30. Defendants removed the case to this Court on February 9, 2026, invoking the Court's subject-matter jurisdiction over the § 1983 claim and

requesting that the Court exercise supplemental jurisdiction over the state-law claims. Doc. 1 ¶¶ 4–5.

On February 16, 2026, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. 5. The Court granted the motion in part and denied the motion in part on September 8, 2026. *See* Doc. 19. The Court dismissed Mr. Regensberg's § 1983 claim against defendants NMLB, and defendants Mr. Romero and Mr. Davis in their official capacities, with prejudice. *Id.* at 11–12. The Court then dismissed Mr. Regensberg's § 1983 claim against Mr. Romero and Mr. Davis in their individual capacities without prejudice after concluding that Mr. Romero and Mr. Davis were entitled to qualified immunity. *Id.* at 21. The Court declined to consider Mr. Regensberg's remaining state claims but deferred remanding the case to state court to allow Mr. Regensberg the opportunity to amend his complaint to properly allege federal claims, if any. *Id.* at 22.

Mr. Regensberg timely filed his motion for leave to amend his complaint on September 22, 2026. *See* Doc. 20. Mr. Regensberg explained that the purpose of his "proposed amendment is to streamline this litigation by voluntarily withdrawing all federal claims initially asserted under 42 U.S.C. § 1983, thereby narrowing the scope of this action strictly to Plaintiff's remaining New Mexico state law claims." *Id.* at 2. Mr. Regensberg's proposed amended complaint accordingly contains only state law claims. *See id.* at 32–38. Defendants timely filed their response in opposition on October 6, 2026. Doc. 21. Defendants argue that granting Mr. Regensberg leave to amend is futile, because the state-law claims in Plaintiff's proposed amended complaint would be subject to immediate dismissal for failure to state a claim. *See* Doc. 21 at 1–2. Mr. Regensberg's reply brief argues that his proposed state law claims are not

futile and that allowing him to file the amended pleading will "pav[e] the way for a clean remand of these localized state law actions back to the New Mexico state court." Doc. 22 at 14.

**ANALYSIS**

The Federal Rules of Civil Procedure provide that if a plaintiff wishes to amend his pleading more than twenty-one days a Rule 12(b) motion is served, the plaintiff must either obtain the opposing party's consent or leave of court. *See* FED. R. CIV. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), because "[t]he liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits," *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).

While adjudication of claims on their merits is generally preferred, federal courts "may, and usually should, decline to exercise jurisdiction over any remaining state claims" after all federal claims have been dismissed from a federal lawsuit. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)). As the Supreme Court has explained:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (footnotes omitted). Accordingly, a motion for leave to amend may be denied as futile where the court has dismissed all of a plaintiff's federal claims and plaintiff's proposed amended complaint asserts only state-law claims. *See Brown v. Town of Valley Brook*, 822 F. App'x 803, 806 (10th Cir. 2020) ("It was

futile to amend the complaint because the proposed amendment asserted only state-law claims that, absent original jurisdiction, were also subject to dismissal.”).

Here, the Court has previously dismissed Mr. Regensberg’s sole federal claim against Defendants, with the claim dismissed against some defendants with prejudice and against other defendants without prejudice. Doc. 19 at 23. The Court was inclined to remand the remaining state law claims to the state court, but deferred remand to allow Mr. Regensberg the opportunity to amend his complaint to allege any further federal claims. *See id.* at 21–23. Mr. Regensberg’s proposed amended complaint raises no federal claims, and the Court accordingly will remand the case to state court. *See Brown*, 822 F. App’x at 806; *Koch*, 660 F.3d at 1248.

The Court also denies Mr. Regensberg’s motion for leave to amend as futile without considering the merits of the claims asserted in his proposed amended complaint. Defendants ask the Court to deny Mr. Regensberg’s motion after evaluating the merits of his proposed amended complaint, but the proposed amended complaint raises “only state-law claims that, absent original jurisdiction, [are] subject to dismissal.” *Brown*, 822 F. App’x at 806. Moreover, Mr. Regensberg’s proposed amended complaint reflects his intent to pursue his claims in state court. The proposed amended complaint asserts that “[v]enue is proper in the Fourth Judicial District Court, San Miguel County” and cites only New Mexico state statutes in support of jurisdiction. Doc. 20 at 10–11. Mr. Regensberg’s reply brief accordingly states that his purpose in amending his complaint is to provide “a clean remand of these localized state law actions back to the New Mexico state court.” Doc. 22 at 14. Just as the Court lacks jurisdiction to consider the merits of the proposed amended complaint, the Court lacks jurisdiction to permit Plaintiff to file that amended complaint before remand.

Plaintiff's original complaint (Doc. 1), therefore, remains the operative pleading in this matter although the federal claim in that complaint has been dismissed. After remand, Plaintiff may choose to proceed with his original complaint (minus the federal claim) or may move to amend his complaint in the state court. *See* NMRA Rule 1-015.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Mr. Regensberg's Motion for Leave to Amend Complaint and Memorandum of Points and Authorities in Support (Doc. 20).

IT IS FURTHER ORDERED that the Clerk of Court shall REMAND this case to the Fourth Judicial District Court, County of San Miguel, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

Laura Fashing
United States Magistrate Judge